NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2020[*]
Decided September 18, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1315

| | |
|---|---|
| MIRANDA D. CHAUDHRY, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 5659 |
| AMAZON.COM, INC., et al., <br> *Defendants-Appellees*. | Matthew F. Kennelly, <br> *Judge*. |

## O R D E R

Miranda Chaudhry sued her former employer, Amazon.com, Inc., in state court for violations of workplace laws. Amazon removed the case to federal court, arguing that Chaudhry asserted claims arising under federal law. Her claims were dismissed on the merits. On appeal, Chaudhry argues that the district court should have remanded the case to state court and that she received inadequate notice of removal. But because her complaint sought relief under at least three federal laws, thereby authorizing removal, and any notice defect was harmless, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In her initial pro se complaint, Chaudhry sued Amazon.com, Inc. and related parties, asserting claims about a leave of absence from work and a hostile work environment that, she alleges, prompted her to resign. She asserted violations of the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1), Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B), Fair Labor Standards Act, 29 U.S.C. § 216(b), as well as state-law claims of breach of contract and fraud.

Amazon.com, Inc., which Chaudhry served with process via certified mail, removed the case to federal court thirty days later. It asserted that removal was proper because the district court had original jurisdiction under 28 U.S.C. § 1331, given that Chaudhry's complaint asserted violations of the FMLA, ERISA, and FLSA. *See* 28 U.S.C. § 1441(a). (It also stated that Chaudhry had improperly sued certain defendants; some, like Amazon.com.dedc, LLC, had merged into another defendant and no longer existed while others, like Amazon.com, LLC Reed-Group, were not "Amazon entities.")

Chaudhry unsuccessfully moved to remand the suit to state court. She argued that removal came too late because she had served (or tried to serve) an Amazon-related party at an Amazon warehouse and a former supervisor at work more than thirty days before Amazon.com, Inc. removed the case. *See* 28 U.S.C. § 1446(b)(1) (30-day limit for removal after service). But she gave the district court no reason to believe that the warehouse was a proper agent, or the workplace a proper location, for service of process. In any event, because Amazon.com, Inc. removed the case within thirty days of service on its registered agent, and because Chaudhry's complaint identified multiple federal statutes as bases for relief, the court denied her motion to remand the case.

The district court then granted the defendants' motion to dismiss on grounds not contested with any developed arguments on appeal: Chaudhry failed to allege facts supporting the elements for any of her claims. For example, her claim of interference with her rights under the FMLA failed because, rather than alleging that a defendant had denied her benefits that she was entitled to, she alleged that she had received FMLA leave and was permitted to return to her job. The claim for breach of contract similarly failed after she could not articulate any relevant agreement. Her amended complaint did not cure these deficiencies. Concluding that future amendments would be futile and that the federal and state-law claims were hopeless, the district court dismissed her suit with prejudice. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251–52 (7th Cir. 1994).

On appeal, Chaudhry argues that the district court erred in denying her motion to remand the entire case to state court. She no longer maintains that Amazon.com, Inc.

petitioned for removal too late. Rather, she contends that the district court lacked removal jurisdiction over her suit because her state-law claim for breach of contract was separate from her federal claims. But the presence of federal claims in a complaint suffices for removal jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Chaudhry's initial complaint cited at least three federal statutes. We recognize that, at a hearing on the motion to remand, she sought to downplay the FMLA claim. But she never asked to sever her contract claim from the other two federal claims, so those two claims alone justified removal.

Chaudhry also argues unpersuasively that removal was procedurally improper. She observes that Amazon.com, Inc. mailed its notice of removal to a wrong address (on the mailing envelope, it apparently transposed digits in the house number). The removal statute, 28 U.S.C. § 1446(d) requires that a defendant give an adverse party written notice of the removal "[p]romptly" after filing its petition. Even if Amazon.com, Inc. used an incorrect address in mailing Chaudhry the notice of the removal, she still received prompt notice. The district court mailed the removal petition to Chaudhry's correct address the day after Amazon.com, Inc. filed it, enabling Chaudhry to file her motion to remand a few days later. Because Amazon's mailing error did not affect Chaudhry's "substantial rights," it is harmless and cannot support reversal. 28 U.S.C. § 2111.

We are unable to discern from Chaudhry's briefs any other developed arguments, even after construing her pro se briefs liberally. To the extent Chaudhry has attempted to challenge the district court's dismissal of her suit on the merits, as we mentioned earlier, her arguments are undeveloped and therefore waived. *See Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020).

AFFIRMED